## Benjamin B. Fuller *vs.* Salem and Danvers Loan and Fund Association.

Under a by-law of a loan and fund association, providing that "in case any member by reason of sickness or removal, or through misfortune, is unable to continue the payment of his subscription, he may give notice to the secretary of an intention to withdraw from the association; and in case the directors are satisfied as to the grounds of withdrawal, his whole amount of subscription shall be returned except the entrance fee;" and that "any person wishing to withdraw for the above reasons or otherwise," and who shall have been a member for a certain time, "and be clear of the books," shall be entitled to a certain interest on that amount; any person having been a member for that time, and "clear of the books," may withdraw without leave of the directors.
The *St.* of 1854, c. 454, § 8, conferring on this court jurisdiction in equity of all disputes between loan and fund associations and their members does not affect the right of any member to sue the association at law.

Action of contract against a loan and fund association, incorporated under *St.* 1854, *c.* 454, to recover back the amount of the plaintiff's subscription.

The parties submitted the case to the judgment of the court upon the following facts: " The plaintiff at the date of the writ had been a member of the association for two years and more,

and was ' clear of the books ; ' and, a month or two before the action was commenced, gave a written notice to the secretary of the association of his desire to withdraw from the association, which notice was communicated to the board of directors ; but the directors refused to permit the plaintiff to withdraw, because they were not satisfied with the grounds of withdrawal, and upon demand refused to pay the plaintiff the amount of his subscription and interest." The defendants' " articles of association " or by-laws were made part of the case. The only one that bears upon it is copied in the margin.*

*J. W. Kimball,* for the plaintiff.

*J. A. Gillis,* for the defendants.

DEWEY, J.   The twentieth of the " articles of association " of the defendants clearly contemplates the case of a withdrawal of shares from the common fund under certain contingencies.

In addition to the provision for refunding to the widow or next of kin of a deceased member, a further provision is made for withdrawal by a living member, who " by reason of sickness or removal, or through misfortune, is unable to continue

---

* ARTICLE XX.   *Withdrawal of Shares.*   In case of the death of any member, the amount paid into the society shall be refunded to his widow or next of kin, or shall belong to his executors or administrators, who shall enjoy the same benefits and advantages and be subject to the same liabilities as the original holder enjoyed or was subject to ; provided the same be claimed during the existence of the association, but if not, shall be forfeited to the association.   When there is more than one executor or administrator, the first named only in the letters testamentary, or of administration, shall vote at the meetings of the association.   And in case any member by reason of sickness or removal, or through misfortune, is unable to continue the payment of his subscription to the society, he or she may give notice to the secretary of an intention to withdraw from the association ; and in case the board of directors are satisfied as to the grounds of withdrawal, the whole amount of subscription paid by the party into the association shall be returned, with the exception of the entrance fee.   Any person wishing to withdraw, for the above reasons or otherwise, and who shall have been a member of the association two years, and be clear of the books, shall receive an interest of four per cent., and any member of more than three years' standing shall be entitled to an interest of five per cent., on the amount of funds paid by such member or members into the funds of the association.

the payment of his subscription to the society; he may give notice to the secretary of an intention to withdraw from the association; and in case the board of directors are satisfied as to the grounds of the withdrawal, the whole amount of subscription paid by the party into the association shall be returned, with the exception of the entrance fee."

The case of the plaintiff is not however within this provision but, as he contends, is embraced by the further provision, that " any person wishing to withdraw, for the above reasons or otherwise, and who shall have been a member of the association two years, and be clear of the books, shall receive an interest of four per cent. on the amount of funds paid by such member into the funds of the association." It is under this clause that the claim of the plaintiff can be maintained, if at all.

The defendants insist that no member of the association has, under any circumstances or at any time, a right to withdraw without the assent of the directors. Such may have been the purpose and intent of the framers of the articles of the association. It is certainly to be regretted that so important a matter, and one that may so deeply affect the interests of the association, should not have been made entirely obvious and unquestionable. Giving the natural construction to the language actually used, the court is of opinion that the last clause has given the broad and unqualified right to withdraw from the association, in favor of any person who shall have been a member of the association two years, and be clear of the books; and that such person may, upon proper notice of his wish to withdraw, insist upon the repayment of the amount he has advanced to the association, with interest at the rate of four per cent. *per annum.* This latter provision embraces not only those persons wishing to withdraw for the reason of " being unable to continue the payment of their subscriptions by reason of sickness or removal, or through misfortune," but also persons wishing to withdraw " for the above reasons, or otherwise." We understand this latter expression to be unlimited as to the causes of wishing to withdraw from the association, and not confined to those upon which the board of directors are to be satisfied; and

i is under this view of that provision that we are of opinion that this action can be maintained.

It was further objected that by § 8 of *St.* 1854, *c.* 454, the jurisdiction over any claims or disputes arising between such corporation and its members was exclusively a jurisdiction in equity by this court. But we think that provision is only a cumulative one, leaving the parties to proceed also at common law, wherever a proper case for a common law remedy was shown. Upon the construction which we have given to the articles of association, a simple duty existed on the part of the defendants of paying over to the plaintiff the amount of his subscription to the association, with interest at the rate of four per centum. There is nothing before us to show that this is not an entirely solvent corporation, or that any cause exists for a *pro rata* distribution of assets of a fund insufficient to discharge all similar existing claims. *Judgment for the plaintiff.*